UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>  Plaintiff,<br><br>  v.<br><br>PAUL F. MARCHI, et al.,<br><br>  Defendants. | Case No. 21-cv-04608-SK<br><br>**FOURTH ORDER TO SHOW CAUSE** |

In this case, the Court has issued multiple Orders to Show Cause ("OSC") based on Plaintiff's failure to proceed diligently.

On June 16, 2021, Plaintiff filed this action against two Defendants – Paul F. Marchi and 3435 Lakeshore Avenue, LLC. On July 30, 2022, Plaintiff filed a proof of service regarding 3435 Lakeshore Avenue asserting that this Defendant was served by substitute service but did not include a declaration of diligence stating the actions taken to first attempt personal service. (Dkt. No. 8.) On August 26, 2021, Plaintiff filed a proof of service for Marchi, stating that he was personally served. (Dkt. No. 9.) On August 26, 2021, Plaintiff also moved for entry of default against 3435 Lakeshore Avenue. (Dkt. No. 11.) Although Marchi has not appeared, Plaintiff has not moved for entry of default against him.

On September 20, 2021, Plaintiff filed a notice of settlement stating that a provisional settlement has been reached and requested that all dates be vacated. (Dkt. No. 13.) The Court did not grant Plaintiff's request to vacate all dates. On November 15, 2021, Plaintiff then filed a notice stating that the settlement had not been consummated. Plaintiff only used the singular term "Defendant" and did not specify which Defendant to whom he was referring in the notice. Moreover, despite the fact that the Court did not grant Plaintiff's request to vacate all dates, Plaintiff requested that the Court return this case to active calendar.

1    The Court is concerned that Plaintiff is not reviewing and paying attention to the docket.
2  The Court admonished Plaintiff that he has an obligation to review the filings in this case and to
3  diligently prosecute this matter. The Court Ordered Plaintiff shall file a status report by no later
4  than November 22, 2021, explaining whether a joint site inspection had taken place and whether
5  Plaintiff intended to move for default judgment against Defendant 3435 Lakeshore Avenue. (Dkt.
6  No. 15.) Plaintiff failed to file the required status report.

7    On November 29, 2021, the Court issued an OSC why the case should not be dismissed for
8  failure to prosecute. (Dkt. No. 16.) On December 1, 2021, Plaintiff moved for entry of default
9  against Marchi, but did not file a response to the OSC. (Dkt. No. 17.) The Court issues a Further
10 OSC, admonishing Plaintiff that the repeated failures to respond to the Court's Orders was
11 unacceptable. The Court Ordered Plaintiff's counsel to show cause why counsel should not be
12 personally sanctioned in the amount of $700 for failure to respond to the Court's Orders and to
13 diligently prosecute this case. The Court also set a deadline of January 3, 2022, to file a motion
14 for default judgment. (Dkt. No. 20.)

15   Plaintiff's counsel filed a response to the OSC apologizing and stating the errors and
16 delays were due to calendaring mistakes and recent staffing changes. (Dkt No. 21.) The Court
17 discharged the OSC. (Dkt. No. 22.) However, despite the previous OSCs, Plaintiff *again* failed to
18 comply with the Court's deadline and failed to file a motion for default judgment. The Court thus
19 issued *another* OSC to why the case should not be dismissed for failure to prosecute and why
20 Plaintiff's counsel should not be personally sanctioned in the amount of $1,000. (Dkt. No. 23.)

21   On January 7, 2022, Plaintiff filed another notice of settlement, this time stating that a
22 global settlement had been reached and stated that he expected to file a joint stipulation for
23 dismissal within sixty days. (Dkt. No. 24.) On January 14, 2022, Plaintiff file a response to the
24 OSC, again apologizing for the delays and stating that the parties had reached a settlement on
25 December 17, 2021. (Dkt. No. 25.) The Court found that sanctions were warranted, but reduced
26 the amount to $500. (Dkt. No. 26.)

27   Plaintiff did not file a stipulated dismissal or otherwise file any further notices regarding
28 the status of the parties' settlement agreement. Instead, more than three months later, on April 17,

2022, Plaintiff filed a withdrawal of the notice of settlement, simply stating that Plaintiff inadvertently filed the notice of settlement in the wrong case. (Dkt. No. 28.) Plaintiff did not explain why counsel had stated under penalty of perjury that this case had settled on December 17, 2022, explained in response to an OSC that the case had settled, and filed the notice of settlement with the above case caption. Nor did Plaintiff explain why, if this case did not actually settle, why Plaintiff had not moved for default judgment. Moreover, despite the numerous admonitions regarding Plaintiff's failure to diligently prosecute this case, Plaintiff did not include any plan of how he intended to move forward with this litigation.

Plaintiff's counsel's conduct in this matter does not meet the standards of professionalism expected in this Court. The Court notes that it has repeatedly issued Orders to Show Cause ("OSC") to Plaintiff's Counsel's law firm based on Plaintiff's Counsel's failure to diligently prosecute in other cases as well, repeatedly sanctioned attorneys at the Plaintiff's Counsel's law firm, and referred two individual attorneys with Plaintiff's Counsel's law firm to the Northern District of California's Standing Committee on Professional Conduct. Despite repeated apologies and promises to calendar deadlines, the Court notes that attorneys with the Plaintiff's Counsel's law firm continue to fail to diligently prosecute their cases. Plaintiff's Counsel's is responsible for prosecution of this case in a diligent manner.

The Court therefore issues this Fourth OSC why this case should not be dismissed for failure to prosecute, why Plaintiff's counsel should not be personally sanctioned in the amount of $1,000, and why Plaintiff's counsel Dennis Jay Price, II and Prathima Reddy Price as lead counsel and Amanda Seabock and Tehniat Zaman should not be referred to the Northern District of California's Standing Committee on Professional Conduct. Plaintiff and Plaintiff's counsel shall respond to this OSC at a hearing – *in person* –on May 9, 2022 at 9:30 a.m.

**IT IS SO ORDERED**.

Dated: April 20, 2022

_____
SALLIE KIM
United States Magistrate Judge

3